**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES DERRICK WATKINS,** | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-15-1563** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **DAVID J. EBBERT,** | : | |
| **Respondent** | : | |

**M E M O R A N D U M**

**I.   Introduction**

Petitioner, Charles Derrick Watkins, is a federal prisoner formerly incarcerated at USP Lewisburg in Lewisburg, Pennsylvania.[1] He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Watkins asserts his sentence was improperly enhanced by a prior burglary conviction that he alleges was "dropped due to lack of evidence."  (ECF No. 1, Pet.)  He also claims that the sentencing court incorrectly determined that his firearms conviction is a crime of violence under 26 U.S.C. § 5845(a).

For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

---

[1]  Mr. Watkins is presently housed at USP Terre Haute, in Terre Haute, Indiana.

## II. Background[2]

On February 7, 2011, Mr. Watkins plead guilty, via an agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The maximum penalty to which he was exposed to by virtue of his guilty plea was "imprisonment for a period of not more than ten (10) years; a fine of $250,000.000; and a term of three (3) years of supervised release." *United States v. Watkins*, 3:10-cr-77 (N.D. W.Va.)(Feb. 7, 2011), ECF No. 26. On October 20, 2011, the United States District Court for the Northern District of West Virginia imposed a ninety-two month sentence followed by a three-year period of supervised release. (*Id*., Judgment, ECF No. 48.)

Although Mr. Watkins did not file a direct appeal, he has filed several unsuccessful motions to reduce or modify his sentence. Many of these motions present the same issues as argued in his present habeas Petition. Specifically, he argued that his conviction for being a felon in possession of a firearm is not a violent crime under 26 U.S.C. § 5845(a); and that he received an improper four point enhancement for a crime for which he was never convicted. *See Id*., ECF No. 51, 53, 57, 61, 66, 73. 83 and 85. In reviewing these motions, the sentencing court wrote:

> On October 20, 2011, Chief United States District Judge John P. Bailey sentenced Defendant to ninety-two months' imprisonment to Count One of the Indictment, charging

---

[2] The Court takes judicial notice of the docket in Mr. Watkins' criminal proceedings. *See United States v. Watkins*, 3:10-cr-77 (N.D. W.Va.) which is viewable via the federal judiciary's Public Access to Court Electronic Records (PACER) service at https://www.pacer.gov.

> Defendant with being a felon in possession of a firearm. Defendant's imprisonment range was ninety-two months to one-hundred and fifteen months, resulting from a total offense level of twenty-three and a criminal history category of six. The Court started with a based offense level of twenty, pursuant to United States Sentencing Commission Guideline §2K2.1(a)(4)(A) for a violation of 18 U.S.C. § 922(g)(1). Next, pursuant to U.S.S.G. § 2K2.1(b)(4)(1), two levels were added because the firearm was stolen. Then, pursuant to U.S.S.G. § 2K2.1(b)(6), four levels were added because the firearm was possessed in connection with another felony offense. Finally, the offense level was reduced by two levels pursuant to U.S.S.G. § 3E1.1(a) and one level pursuant to U.S.S.G. § 3E1.1(b).
>
> . . .
>
> In reviewing Defendant's sentence, the Court does not find it is improper, and the Court does not find any basis for modifying or reducing Defendant's sentence.

(*Id.*, Orders, ECF Nos. 55, 59 and 63.)

On December 31, 2014, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. (*Id.*, ECF No. 67.) The § 2255 motion was dismissed on July 22, 2015, as untimely filed. (*Id.*, ECF No. 81.)

On April 21, 2016, Mr. Watkins requested permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive 28 U.S.C. § 2255 motion asserting pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 2015),[3] which declared the residual clause of the Armed Career Criminal Act (ACCA) unconstitutionally vague. In that Petition Mr. Watkins claimed his

---

[3] We note that in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

sentence was enhanced under the ACCA and thus constitutionally invalid. *See In re: Watkins*, No. 16-374 (4th Cir.), ECF No. 2-1. The appellate court denied his motion holding that "Watkins is entitled to no relief because his sentence included no enhancements called into question by *Johnson*." (*Id.*, ECF No. 6.)

**III. Discussion**

    **A.    Legal Standards Applicable to Section 2241**

A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to 28 U.S.C. § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241. *See Cardona v. Bledsoe*, 681 F.3d 533, 535 - 36 (3d Cir. 2012) (a motion filed pursuant to 28 U.S.C. § 2241 available to federal prisoners to challenge the execution of sentence); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Prisoners who have already filed a § 2255 motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Thus, with limited exceptions, a habeas corpus petition challenging a prisoner's conviction or sentence pursuant to 28 U.S.C. § 2241 may not be entertained unless a § 2255 motion would be "inadequate or ineffective" to test the legality of the petitioner's detention. *See* 28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017). In considering what it means to be "inadequate or ineffective," the Third Circuit has stated that a federal prisoner should be permitted to seek relief under § 2241 "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Such situations are rare. The Third Circuit has applied this "safety valve" only where a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251-52)*.*

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538 (citation omitted). Section

2255(e), the safety-valve clause, "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id*. at 539.

### B. Analysis

Mr. Watkins' claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result in some change in the law. Rather, Petitioner's action challenges the sentencing court's method of calculating the sentence imposed. He does not suggest he is seeking relief based on a Supreme Court decision which can be retroactively applied to cases on collateral review. Likewise, he has not shown that he is unable to present his claims via a § 2255 proceeding. In short, Mr. Watkins fails to identify a basis to review his claims under the safety valve provision of 28 U.S.C. § 2255(e). *See Mikell v. Recktenwald*, 545 F. App'x 82, 84 (3d Cir. 2013)(per curiam) (The "simplest reason for denying the relief under § 2241 is that *Dorsainvil* allows relief under § 2241 only when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. [Petitioner] makes no allegation that he is actually innocent of the drug crime for which he was convicted; he asserts only that his sentence was improper. The *Dorsainvil* exception is therefore inapplicable, and relief under § 2241 is not available.") (internal citations omitted).

Because a sentencing claim such as presented by Mr. Watkins is not the type of claim that a federal prisoner may bring by way of a § 2241 habeas petition, the Petition will be dismissed for lack of jurisdiction.

An appropriate order follows.

<u>/s/ A. Richard Caputo</u>
**A. RICHARD CAPUTO**
**United States District Judge**

**DATE: June 16, 2017**